17562.  UNION WAREHOUSE & COMPRESS CO. *v.*
CITIZENS & SOUTHERN BANK.

Whether a custom fixing the weight and the grade of bales of cotton in hundred-bale lots was a universal custom in the cotton trade at Augusta was a question of fact for the jury.

The verdict was authorized by the evidence, and none of the grounds of the motion for a new trial require a reversal of the judgment.

DECIDED NOVEMBER 9, 1926.

Complaint; from Richmond superior court—Judge A. L. Franklin. June 11, 1926.

*Hamilton Phinizey, H. C. Hammond, W. H. Fleming, Lee & Congdon,* for plaintiff in error.

*Wright & Jackson, Adams & Adams,* contra.

BROYLES, C. J. When this case was here before, this court certified certain questions to the Supreme Court, and that court made, among other rulings, the following: "Where a warehouseman, for cotton stored with him, issues to the owner his negotiable warehouse receipts in which the commodity is described only as so many bales, and neither the weight nor grade of cotton is stated or indicated, but at the time there is a universal, definite, and valid usage and custom in the trade in the locality of the transaction, known to the warehouseman, that bales of cotton should be of a given grade and weight, and if the bales of cotton for which such receipts. are issued are below such customary weight and grade, and if the owner, for value received, assign such receipts to one who takes the same relying upon such custom, and without any notice of the actual weight and grade of such

Customs and Usages, 17 C. J. p. 522, n. 62; p. 525, n. 87; p. 526, n. 87, 91, 95.

cotton, when the warehouseman at the time of issuing such receipts knew or 'by the most casual inspection and in the exercise of the slightest ordinary care could and should have known' of the actual weight and grade thereof, the warehouseman, in an action brought against him by the assignee, in which the above facts are alleged, will be liable for the difference between the actual value of the identical cotton stored and the value of the same if of the customary weight and grade, although the warehouseman tendered to the assignee the identical bales of cotton for which the receipts were issued.

"(*a*)   A universal, definite, and valid custom or commercial usage, which defines and fixes the weight and grade of bales of cotton, is to be read into and made a part of receipts given by the warehouseman for their storage.

"(*b*)   Where warehouse receipts are issued for bales of cotton without stating their weight or grade, parol evidence is admissible to prove the meaning of bales of cotton in the cotton trade or business; and to prove that a bale of cotton, according to the custom of the cotton trade, means a bale of a given weight and grade.

"(*c*)   Warehouse receipts should be construed in accordance with the rules applicable to the construction of contracts in general, and especially in accordance with commercial usage.

"(*d*)   Representations in warehouse receipts, when expressly embraced therein or read into them by custom or usage, should usually be confined to those of which the warehouseman may ordinarily be presumed to have knowledge, or of which he ought to know.

"(*e*)   Where a warehouseman issued receipts for bales of cotton without expressly stating or indicating their weight or grade, but where by custom or commercial usage such bales of cotton must be of a given weight and grade, and the warehouseman can, by the most casual inspection and in the exercise of the slightest ordinary care, know of their weight and grade, such warehouseman will be liable to a bona fide assignee of the warehouse receipts given for the storage of bales of cotton of the customary weight and grade.

"(*f*)   The issuing of such receipts gives to the holder thereof a false credit, if the bales of cotton do not come up to such cus-

tomary weight and grade; and the warehouseman will be estopped to deny, as against a bona fide assignee of such receipts, that the bales are not of such weight and grade." See 157 *Ga.* 434 (122 S. E. 327); 32 *Ga. App.* 85 (122 S. E. 652).

Under these rulings and the evidence adduced upon the subsequent trial of the case, the verdict in favor of the plaintiff was authorized. This is true notwithstanding the fact that many witnesses testified (without contradiction) that there was no custom in the cotton trade at Augusta which read anything into receipts given by a warehouseman for the storage of cotton, since the reading into such receipts of the custom that fixes the weight and grade of bales of cotton in 100-bale lots or more is done by the law, and not by any custom.

The further fact, that many of the witnesses testified that the customary meaning of "bales of cotton" in the cotton trade at Augusta did not apply to cotton stored in warehouses, merely tended to show that the custom was not universal in the cotton trade at Augusta, and since other witnesses testified that the custom was universal in the cotton trade at Augusta and that the words "bales of cotton" meant the same thing "on the street or in a warehouse or on the farm," it became a question of fact, for the determination of the jury, whether the custom in question was a definite, known, uniform, reasonable, and universal custom in the cotton trade at Augusta. This question was submitted to the jury with appropriate instructions, and was settled by their verdict.

After a careful consideration of the voluminous grounds of the motion for a new trial, we have reached the conclusion that no reversible error appears, and that no useful purpose would be served by passing upon the grounds seriatim.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*